UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| BRENDA J. WEITZEL | ) | CASE NO. 09-21394 |
| | ) | |
| Debtor | ) | JUDGE RANDOLPH BAXTER |
| | ) | |
| | ) | **MOTION OF JPMORGAN CHASE BANK,** |
| | ) | **NATIONAL ASSOCIATION SUCCESSOR** |
| | ) | **BY MERGER TO CHASE HOME FINANCE** |
| | ) | **LLC, its successors and assigns** |
| | ) | **FOR RELIEF FROM STAY AND CO-** |
| | ) | **DEBTOR STAY AS TO CO-DEBTOR** |
| | ) | **ROBERT E. WEITZEL** |
| | ) | |
| | ) | PROPERTY ADDRESS: |
| | ) | ** 41380 Oberlin Rd. |
| | ) | Elyria, Ohio 44035 |
| | ) | |

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC, its successors and assigns (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, and 363, and other sections of Title 11 of the United States Code, and under Federal Rule of Bankruptcy Procedure 4001 for an order conditioning, modifying or dissolving the automatic stay imposed Bankruptcy Code § 362, **and for Co-Debtor Relief under Bankruptcy Code § 1301 as to Co-Debtor Robert E. Weitzel.**

<u>MEMORANDUM IN SUPPORT</u>

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28

U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On January 23, 2001 the Debtor Brenda J. Weitzel **and the Co-Debtor, Robert E. Weitzel,** obtained a loan from **Cleveland Mortgage Services** in the amount of $106,400.00. Such loan was evidenced by a promissory note dated January 23, 2001, (the "Note"), a copy of which is attached as Exhibit A.

3. To secure payment of the Note and performance of the other terms contained in it, the Debtor Brenda J. Weitzel **and the Co-Debtor, Robert E. Weitzel,** executed a Security Agreement in favor of Cleveland Mortgage Services dated January 23, 2001 (the "Security Agreement"). The Security Agreement granted a lien on the real and/or personal property 41380 Oberlin Rd., Elyria, Ohio 44035 owned by the Debtor Brenda J. Weitzel **and the Co-Debtor, Robert E. Weitzel,** (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

&boxtimes; attached as Exhibit B;

OR

☐ contained in the Note, attached as Exhibit A.

4. The lien created by the Security Agreement was duly perfected by:

&boxtimes; Filing of the Security Agreement in the office of the Lorain County Recorder on January 29, 2001.

☐ Filing of the UCC-1 Financing Statement in the office of _____ on (DATE).

☐ Notation of the lien on the Certificate of Title

☐ Other (state with particularity)_____.

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on Debtors' Schedules, the lien is the 1st lien on the Collateral.

5. The entity in possession of the original Note as of the date of this motion is JPMORGAN CHASE BANK, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC, its successors and assigns.

6. The entity servicing the loan is: N/A.

7. The Note was transferred as evidenced by the following:

    a. If the Collateral is real estate:

        i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

           ☐ N/A.

           OR

           ☐ By endorsement on the Note payable to _____.

           ☐ By blank endorsement on the Note.

           OR

☐ By allonge attached on the Note payable to CHASE MANHATTAN MORTGAGE CORPORATION.

☐ By blank allonge, attached to Note.

OR

☐ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation) _____.

OR

☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit _. Explain why it provides Movant the authority to endorse the Note:
_____
_____
_____.

ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, **the note was endorsed in blank by CHASE MANHATTAN MORTGAGE CORPORATION. On January 1, 2005, CHASE MANHATTAN MORTGAGE CORPORATION was acquired by CHASE HOME FINANCE LLC. The acquisition is evidenced by the document attached as Exhibit D. On May 1, 2011, CHASE HOME FINANCE LLC was merged into JPMORGAN CHAE BANK, NATIONAL ASSOCIATION. The merger is evidenced by the document attached as Exhibit E.**

iii. A court has already determined that Movant has the ability to enforce the Note with a

    judgment dated _____ in the _____. A copy of the judgment is attached at Exhibit \_.

    <iv. Other_____ [explain].>

 b. If the Collateral is not real estate (check one):

   ☐ N/A.

   OR

   ☐ From the original lender to _____ by _____.

8. The Security Agreement was transferred as follows (check one):

   ☐ N/A.

   OR

   ☒ From the original lender, mortgagee, or mortgagee's nominee on January 29, 2001 to CHASE MANHATTAN MORTGAGE CORPORATION. The transfer is evidenced by the document(s) attached to this Motion as Exhibit C.

    On January 1, 2005, CHASE MANHATTAN MORTGAGE CORPORATION was acquired by CHASE HOME FINANCE LLC. The acquisition is evidenced by the document attached as Exhibit D.

    On May 1, 2011, CHASE HOME FINANCE LLC was merged into JPMORGAN CHAE BANK, NATIONAL ASSOCIATION. The merger is evidenced by the document attached as Exhibit E.

9. The value of the Collateral is $112,600.00. This valuation is based on Lorain County Auditor.

10. As of the date of this motion, there is currently due and owing on the Note the outstanding principal balance of $85,331.79, plus interest accruing thereon at the rate of 6.75% per annum [$15.78 per diem] from March 1, 2011, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 **does** include a credit for the sum held in a suspense account by the Movant. The amount of the credit is $32.08.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

- ☐ N/A.
- ☒ The Lorain County Treasurer, for real estate taxes, in the amount of: <u>unknown</u>.
- ☒ Co-Debtor Robert E. Weitzel
- ☒ 2nd Mortgage in favor of Huntington National Bank in the amount of $20,896.00

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

- ☐ Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: _____

☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

☐ Debtor has failed to keep current the real estate taxes owed on the Collateral.

☒ Debtor has failed to make periodic payments to Movant since the commencement of this bankruptcy case for the months of March, 2011 through May, 2011, which unpaid payments are in the aggregate amount of $2,641.79 through May 17, 2011. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.

☐ Debtor is delinquent in funding the plan, and therefore the trustee has failed to make periodic payments to Movant since the commencement of the bankruptcy case for the months of _____, which unpaid payments are in the aggregate amount of _____ through _____. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.

☐ Debtor has no equity in the Collateral, because the Collateral is valued at $, and including the Movant's lien, there are liens in an aggregate amount of $ on the Collateral.

☐ Debtor's plan provides for surrender of the Collateral.

☐ The property is not necessary to an effective reorganization because _____.

☐ Other cause (set forth with specificity):_____.

14. Movant has completed the worksheet, attached as Exhibit F.

WHEREFORE, Movant prays for an order from the Court granting Movant relief from the automatic stay of Bankruptcy Code § 362 **and for Co-Debtor Relief under Bankruptcy Code § 1301 as to Co-Debtor Robert E. Weitzel,** to permit Movant to proceed under applicable nonbankruptcy law.

Respectfully submitted,

/s/ Faye D. English
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
Faye D. English #0075557
Edward A. Bailey #0068073
P.O. Box 968
Twinsburg, Ohio 44087
Phone No. 330-425-4201
Fax No. 330-425-2155
fenglish@reimerlaw.com

CERTIFICATE OF SERVICE

The undersigned certifies that on May 17, 2011, a true and correct copy of the foregoing Motion of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC, its successors and assigns for Relief from Stay was served via the Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

1. Office of the U.S. Trustee
   * Served Electronically *

2. Craig Shopneck, Trustee
   Served via: ch13shopneck@ch13cleve.com

3. William J. Balena, Esq.
   Served via: bbalena@me.com

and by regular U.S. mail, postage paid, to:

4. Brenda J. Weitzel, Debtor
   41380 Oberlin Road
   Elyria, Ohio  44035

5. Lorain County Treasurer's Office
   J Grant Keys Administrative Building
   226 Middle Avenue
   Elyria, Ohio 44035

6. Huntington National Bank
   7450 Huntington Pk.
   Columbus, Ohio  43235

7. Robert E. Weitzel, Co-Debtor
   41380 Oberlin Rd.
   Elyria, Ohio  44035

/s/ Faye D. English
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
Faye D. English #0075557
Edward A. Bailey #0068073
P.O. Box 968
Twinsburg, Ohio 44087
Phone No. 330-425-4201
Fax No. 330-425-2155
fenglish@reimerlaw.com